**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**MACON DIVISION**

CLIFFORD HERRINGTON,     :
                                  :
          Plaintiff,       :
                                  :     CASE NO. 5:13-CV-00184-MTT-MSH
          vs.          :         42 U.S.C. § 1983
                                  :
Mail Room Clerks HOOD and DIXON,  :
                                  :
          Defendants.    :
_____

**ORDER and**
**REPORT AND RECOMMENDATION**

     Presently pending before the Court is Defendants' motion to dismiss.  (ECF No. 10.)   Despite being granted a large extension of time to file a response, Plaintiff has failed to respond to this motion.   Plaintiff did, however, file a motion for appointment of counsel.  (ECF No. 16.)  Plaintiff's motion for appointment of counsel is denied.  For the reasons explained below, it is recommended that Defendants' motion to dismiss be granted.

**BACKGROUND**

     Plaintiff alleges that Defendants denied him access to the courts by failing to deliver an order from the Georgia Supreme Court regarding his criminal appeal.  (Compl. 6, ECF No. 1.)  He claims that, as a result of their actions, he missed the deadline for filing a habeas petition in federal court.  (*Id.*)   The order in question, denying Plaintiff's motion for reconsideration, was issued by the Georgia Supreme Court on March 27, 2006.  (*Id.*)  Plaintiff's lack of notice of the order has been the subject of a prior lawsuit: *Herrington v.*

*Welch*, 1:11-cv-01588-ODE (N.D. Ga. 2011).[1]   In Plaintiff's prior case, he sued the state court clerk for failing to notify him of the order and alleged that Defendant Dixon would testify that the order was never received in the prison mailroom.   He further alleged that "mail room records" would confirm that Plaintiff received no mail from the Georgia Supreme Court during that time period.

In the present Complaint, Plaintiff claims that he recently received "official correspondence" from the Georgia Supreme Court confirming that the 2006 order was in fact mailed to the prison.   (Compl. 6.)   Plaintiff thus now alleges that the mail room clerks, Defendants Hood and Dixon, "deliberately and intentionally withheld" the order and thereby violated his constitutional rights.   (*Id.* at 6-7.)

Defendants move to dismiss Plaintiff's complaint claiming that his action is barred by the statute of limitations, fails to state a claim, and because Defendants are entitled to qualified immunity.   (Defs.' Br. in Supp. of Mot. to Dismiss 1, ECF No. 10-1.)   Plaintiff asked for an extension of time to file a response to the motion to dismiss.   (ECF No. 14.)   Plaintiff's request was granted, and he was given an additional twenty days to respond to Defendants' motion.   (Text-only Order, Sept. 10, 2013.)   Plaintiff did not file a response to the motion to dismiss and instead filed a motion seeking appointment of counsel.   (ECF No. 16.)   Defendants' and Plaintiff's motions are ripe for review.

---

[1]  This Court has authority to take judicial notice of court records.   *United States v. Rey*, 811 F.2d 1143, 1147 n.5 (11th Cir. 1987).

## DISCUSSION

**I.      Motion to Appoint**

Plaintiff has a motion for appointment of counsel (ECF No. 16) currently pending. Under 28 U.S.C. § 1915(e)(1), the district court "may request an attorney to represent any person unable to afford counsel."   However, there is "no absolute constitutional right to the appointment of counsel."   *Poole v. Lambert*, 819 F.2d 1025, 1028 (11th Cir. 1987). Appointment of counsel is a privilege that is justified only by exceptional circumstances. *Lopez v. Reyes*, 692 F.2d 15, 17 (5th Cir. 1982).   In deciding whether legal counsel should be provided, the Court should consider, among other factors, the merits of Plaintiff's claim and the complexity of the issues presented.   *Holt v. Ford*, 682 F.2d 850, 853 (11th Cir. 1989).

Plaintiff has set forth the essential factual allegations underlying his claims, and the applicable legal doctrines are readily apparent.   Plaintiff therefore has not alleged the exceptional circumstances justifying appointment of counsel under *Holt*.   Accordingly, Plaintiff's motion for appointment of counsel is denied.

**II.     Motion to Dismiss**

Defendants initially move to dismiss based on the applicable statute of limitations. (Defs.' Br. in Supp. of Mot. to Dismiss 1.)   Because the Court agrees that Plaintiff's actions are barred by the statute of limitations, the Court declines to address Defendants' remaining arguments.

It is well settled that the forum state's limitation period applicable to personal injury actions is applied to an action brought pursuant to 42 U.S.C. § 1983.   *Wallace v. Kato*, 549

U.S. 384, 386 (2007).   The Georgia statute of limitations for personal injury is two years.

O.C.G.A. § 9-3-33; *see also Bell v. Metro. Atlanta Rapid Transit Auth.*, 521 F. App'x 862,

865 (11th Cir. 2013) ("The forum state's statute of limitations for personal injury actions

applies to § 1983 claims, which in Georgia is two years.").   A statute of limitations begins

to run when a cause of action accrues—in other words, when "the facts which would

support a cause of action are apparent or should be apparent to a person with a reasonably

prudent regard for his rights." *Lovett v. Ray*, 327 F.3d 1181, 1182 (11th Cir. 2003)

(internal quotation marks and citation omitted).

Plaintiff's claim for denial of access to court centers around a Motion for

Reconsideration which was denied by the Georgia Supreme Court on March 27, 2006.[2]

(Compl. 6.)   In Plaintiff's previous lawsuit concerning these same facts, Plaintiff stated

that he failed to receive notice of this denial until April 19, 2007. *See Herrington v.

Welch*, No. 1-11-cv-1588, Compl. 3-4 (N.D. Ga. 2011).   In that lawsuit, he sued the clerks

at the Georgia Supreme Court for denial of access to courts because the late receipt of the

Order on the Motion for Reconsideration caused him to untimely file his federal habeas

petition. *Id.* at 5-6.   He now contends that in December 2012, he received an "official

correspondence" from the Georgia Supreme Court clerk stating that a copy of the order

denying his motion for reconsideration was mailed in March 2006 to his address listed in

the case.  (Compl. 6.)   From this information, he has assumed that the mail clerks at

Hancock State Prison had to have been responsible for his failure to timely receive the

---

[2] Plaintiff moved to reconsider the Georgia Supreme Court's denial of his application for a
certificate of probable cause to appeal his state habeas action. *See Herrington v. Welch*, No.
1-11-cv-1588, Compl. 3 (N.D. Ga. 2011).

4

Georgia Supreme Court Order and has named them as defendants in this action.   (*Id.*)

Plaintiff's cause of action accrued in April 2007 when he received notice of the order on his motion for reconsideration.   *See also Herrington v. Welch*, No. 1-11-cv-1588, Order & Final Report & Recommendation 4-5 (N.D. Ga. July 28, 2011).   As of that date, Plaintiff knew that he had a potential cause of action for denial to access to courts against several potential defendants, including the mailroom clerks at Hancock State Prison.   The fact that Plaintiff later received notice from a clerk of the Georgia Supreme Court that a copy of the order was timely mailed does not change when Plaintiff's action accrued. Thus, the two year period for the statute of limitations began to run on April 19, 2007, and ended on Monday, April 20, 2009.   Plaintiff filed this Complaint on May 21, 2013, over four years after the statute of limitations expired.   Plaintiff's complaint is therefore barred by the applicable statute of limitations.   The liberal construction that is granted *pro se* litigants in filing complaints does not mean that they are allowed lack of compliance with deadlines that are imposed by law.   *See Moulds v. Bullard*, 345 F. App'x 387, 390 (11th Cir. 2009) ("Liberal construction does not mean liberal deadlines.") (internal quotation marks and citation omitted).

In addition, the Court notes that Plaintiff has alleged no facts in his Complaint which could show that he is entitled to equitable tolling.   *See, e.g., Johnson v. Greaves*, 366 F. App'x 976, 978 (11th Cir. 2010) ("Equitable tolling is an extraordinary remedy which is typically applied sparingly.").   Plaintiff had an additional opportunity to argue equitable tolling in response to Defendants' motion to dismiss, but failed to respond to that motion.   Consequently, Defendant's motion should be granted and Plaintiff's Complaint

dismissed as frivolous.   *Johnson*, 366 F. App'x at 978 ("The expiration of the statute of limitations is an affirmative defense the existence of which warrants a dismissal as frivolous.") (internal quotation marks and citation omitted).

### III.   Application of 28 U.S.C. § 1915(g)

For purposes of the three strikes provision of the Prison Litigation Reform Act (PLRA) 28 U.S.C. § 1915(g), the Court determines that its decision in this case is a strike against Plaintiff.   *See* 28 U.S.C. § 1915(g) (counting as strikes any action or appeal in federal court "that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted.").

## CONCLUSION

For the reasons explained above, Defendant's motion to dismiss (ECF No. 10) should be granted.   Plaintiff's motion for appointment of counsel is denied (ECF No. 16). Under 28 U.S.C. § 636(b)(1), the parties may file objections to this Recommendation in writing with the United States District Judge within fourteen (14) days after being served with a copy hereof.

SO ORDERED and RECOMMENDED, this 21st day of February, 2014.

S/ Stephen Hyles
UNITED STATES MAGISTRATE JUDGE